UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HARVEY LEON HENDERSON, JR.,

    Plaintiff,

v.                                      Case No. 3:23cv24710-TKW-HTC

HENRY A. ESGUERRA, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Harvey Henderson, Jr., a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 relating to his arrest, prosecution, and nolo contendere plea. Doc. 1. After reviewing the complaint, the undersigned concludes this case should be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's claims are *Heck*-barred and Defendant Ambrose is protected by prosecutorial immunity.

**I.    Background**

Plaintiff sues two Defendants: (1) Escambia County Sheriff's Deputy Henry A. Esguerra; and (2) Assistant State Attorney Erin Ambrose. His complaint contains the following allegations.

On July 20, 2023, Plaintiff was riding his bike down a sidewalk when Deputy Esguerra exited his patrol car, pointed his gun at Plaintiff, and told him to stop and

get on the ground. Plaintiff complied but asked why he was being detained; Esguerra told him that he fit the description of a suspect with a firearm. After searching Plaintiff and finding a glass pipe in his pocket, Esguerra placed Plaintiff in the back of his patrol car. Another deputy approached Esguerra and said Plaintiff "threw something over there and they charged [him] with possession of a controlled substance." Plaintiff maintains: (1) Esguerra said that, before detaining him, Plaintiff "threw narcotics and that [Esguerra saw him] do it which was a lie"; and (2) Esguerra did not have probable cause to detain him because "the BOLO announcement didn't fit [him]."

On October 18, 2023, Assistant State Attorney Ambrose "gave [Plaintiff] a plea for 10 months on constructive possession of a controlled substance, possession of drug paraphernalia, and battery[.]"[1] Ambrose pursued the criminal charges and pressured Plaintiff to take the plea despite having access to "evidence that [he] was innocent[.]" Ambrose also "added a charge" so Plaintiff would be unable to post bail and "forced" him to plead by "saying [he] could get 11 years[.]"

Based on the foregoing, Plaintiff alleges: (1) Esguerra violated his Fourth Amendment rights by stopping him "on just a hunch"; and (2) Ambrose violated his Eighth Amendment rights by "adding a charge to get [his] bond revoked." As relief,

---

[1] According to Escambia County court records, the battery charge stems from an incident which occurred at the Escambia County Jail on August 13, 2023. *See State v. Henderson*, Escambia Cnty. Case No. 2023 CF 3461.

Case No. 3:23cv24710-TKW-HTC

he wants: (1) $2,200 a day for false imprisonment; (2) his cases "to be reversed and remanded."

## II. Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. Discussion

### A. *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

>appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). Thus, a plaintiff may not "bring a claim for damages under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (quoting *Heck*, 512 U.S. at 487); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, Plaintiff alleges Esguerra's initial stop of him was illegal because he did not fit the description of the suspect. As an initial matter, this allegation is conclusory, as Plaintiff does not explain what the description was or how he did not fit it.[2] Regardless, Plaintiff's allegation that he was illegally stopped necessarily

---

[2] The arrest report in *State v. Henderson*, Escambia Cnty. Case No. 2023 CF 2995 (available on the Escambia County Clerk of Court's website), completed on July 20, 2023, at 3:57 a.m., indicates dispatch advised there was "a suspicious person with a firearm complaint" and there were three suspects—one white male, one black male, and one black male without a shirt—around 7025 Bitter Sweet Drive. Esguerra then observed two black males riding bikes less than one block away from 7025 Bitter Sweet Drive, one of whom (Plaintiff) was not wearing a shirt. Neither of the bikes had lights, which also provided Esguerra with a basis to stop Plaintiff. *See Ray v. State*, 849 So.2d 1222, 1224 (Fla. 4th DCA 2003) (finding where defendant was "stopped for riding his bicycle at

implies the invalidity of his conviction because that stop led to the discovery of the glass pipe which he was subsequently convicted of possessing.[3]  *See Bennett v. Lowery*, 2017 WL 1738116, at *4 (E.D. Mo. May 4, 2017) (concluding "plaintiff's false arrest claim, and her claims of an unlawful investigatory stop and illegal search, are barred by the doctrine set forth in *Heck*"); *see also Baxter v. Crawford*, 233 F. App'x 912, 916 (11th Cir. 2007) (finding Fourth Amendment claim *Heck*-barred where cocaine found in plaintiff's residence would not have been discovered without the execution of a search warrant plaintiff claimed contained stale and false information).  In other words, if Plaintiff were to prove he was illegally stopped, it would necessarily imply the invalidity of his conviction for possession of drug paraphernalia.

Furthermore, the relief Plaintiff seeks confirms his claims are barred by *Heck*. First, he seeks damages for every day he is "falsely imprisoned."  However, an assertion he is falsely imprisoned necessarily implies his conviction and sentence are invalid.  Moreover, he also expressly requests that the Court overturn his convictions.  But the sole federal remedy for Plaintiff to seek such relief is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, with its attendant

---

night without the proper lights" that "[t]here is no question that the stop itself was valid") (citing *State v. Wilson*, 725 So.2d 1143 (Fla. 2d DCA 1998)).

[3] Under Florida law, a "conviction' includes a "nolo contendere plea by a defendant, regardless of adjudication of guilt."  Fla. Stat. § 960.291(3).

Case No. 3:23cv24710-TKW-HTC

procedural and exhaustion requirements. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."). Because Plaintiff's allegations do not support a viable claim under § 1983, this case should be dismissed.

### B.   Prosecutorial Immunity

Plaintiff alleges Assistant State Attorney Ambrose "added a charge" so he would be unable to post bail and pressured him to take a plea bargain. However, Plaintiff's claims against Ambrose are barred by prosecutorial immunity.

"'A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] functions as an advocate for the government' in the judicial phase of the criminal process." *Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 F. App'x 945, 950 (11th Cir. 2019) (quoting *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and presenting the State's case. *Imbler v.*

*Pachtman*, 424 U.S. 409, 431 (1976). Prosecutors are "immune for malicious prosecution" and "have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (cleaned up).

Here, Plaintiff sues Ambrose for filing a criminal charge against him and for her actions during plea negotiations. Because Ambrose's conduct was undertaken as an advocate for the government during the judicial phase of the criminal process, prosecutorial immunity provides an independent basis for dismissal of the claims against her.[4] *See Vila v. Wadlington*, 2018 WL 2075330, at *5 (S.D. Ala. Apr. 13, 2018), *report and recommendation adopted by* 2018 WL 2074195 (May 3, 2018) ("Because plea negotiations are an essential element of the criminal justice system, a prosecutor's actions in the plea-bargaining process are protected by absolute prosecutorial immunity.").

---

[4] The claim that Ambrose coerced Plaintiff into pleading would also be barred by *Heck*. *See Salas*, 297 F. App'x at 876 (finding *Heck* barred prisoner's claim against Assistant District Attorney for conspiring with prisoner's counsel to coerce him into pleading guilty because judgment in prisoner's favor would necessarily call into question the validity of his guilty plea and conviction); *Lockett v. Wright*, 2013 WL 497592, at *2 (S.D. Ga. Jan. 15, 2013) *report and recommendation adopted by* 2013 WL 474800 (Feb. 7, 2013) ("[A] plaintiff's claim that his guilty plea was not entered into knowingly or voluntarily also goes 'to the fundamental legality' of his conviction and is barred by *Heck* until Plaintiff shows his conviction has been invalidated.") (citations omitted).

## IV. Conclusion

Plaintiff's complaint fails to state a viable claim under § 1983. In addition, because Plaintiff is still serving the sentence stemming from the convictions which his allegations would undermine the validity of, he could not amend the complaint to overcome *Heck*. Thus, giving Plaintiff an opportunity to amend the complaint would be futile, and this case should be dismissed without prejudice. *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk close the file.

At Pensacola, Florida, this 28th day of December, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.